<hr />

## HILL *vs.* MOULTON.

1. On the trial of a claim interposed to the levy of a mortgage *fi. fa.* there was no error in admitting in evidence the rule *nisi* and rule absolute, as recorded on the minutes of the court where the trial was had.
2. The claimant having bought with full knowledge of the mortgage lien, and having agreed to pay it, a verdict subjecting the property was required by the evidence.
   Judgment affirmed.

May 1, 1886.

JACKSON, Chief Justice.

[F. M. Moulton, as transferee, foreclosed a mortgage against John Rowe on lots numbers 223 and 194 in Taylor

county. To the levy made thereunder, Elbert Hill inter-posed a claim. On the trial, it appeared that the mort-gage was given in 1878, and was recorded, and that the defendant in *fi. fa.* was then in possession of the entire property, claiming it. After the execution of the mort-gage, one Daniel claimed that the west half of lot number 223 belonged to him, and upon comparing titles, the defend-ant became satisfied that Daniel had the better title and made no claim to it. He sold lot 194 to the claimant. The latter knew of the mortgage and agreed, as a part of the contract of purchase, to pay it off. The claimant bought the west half of lot 223 from Daniel.

The jury found the property subject, with ten per cent. damages on the principal and interest of the *fi. fa.* The claimant moved for a new trial on substantially the fol-lowing grounds:

(1.) Because the verdict was contrary to law and evi-dence.

(2.) Because the court admitted in evidence the minutes showing the rules *nisi* and absolute to foreclose the mort-gage,—the objection being that a certified copy of a record under seal is the best evidence of it.

The motion was overruled, and the claimant excepted.]